## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE FARM MUTUAL AUTO. INS. CO.<br>a/s/o NATONIA JUDITH BECKFORD<br>P.O. BOX 106172<br>ATLANTA, GA 30348<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>    Serve On:<br>    Office of the Acting U.S. Attorney General<br>    James R. McHenry, III<br>    U.S. Department of Justice<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530<br><br>    and<br><br>    Office of the U.S. Attorney<br>    Matthew Graves<br>    601 D Street, NW<br>    Washington, DC 20579<br><br>    Defendant. | *<br>*<br>*<br>*<br>*  Case No.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

**NOW COMES** State Farm Mutual Automobile Insurance Company ("State Farm") a/s/o Natonia Judith Beckford ("Beckford"), Plaintiff, by and through their attorney, Charles J. Fratus and Fratus Law Group, LLC, sues the Defendants The United States of America ("USA") for the cause of action state:

### FEDERAL JURISDICTION AND VENUE

1.     This action involves issues regarding and derives its federal jurisdiction via federal question through: The United States as Defendant 28 U.S. Code § 1346, Time for commencing

action against United States 28 U.S.C. §2401, Federal Tort Claims Act 28 U.S.C. §§ 2671-72, 2674, 2679.

2.  Venue is proper in this court of filing as the incident of which the suit is subject took places in the District of Columbia. Accordingly, the District Court of the United States for the District of Columbia has subject matter jurisdiction over this matter.

3.  In accordance with the Federal Tort Claims Act's notice of claim requirement, Plaintiff has attached *Exhibit 1* to evidence its adherence to and satisfaction of this notice requirement.

## PARTIES

4.  The Plaintiff is State Farm Mutual Automobile Insurance Company, an Illinois corporation with its principal subrogation office located in Atlanta, Georgia. State Farm is registered and authorized to do business and issue insurance policies in Maryland, Washington, DC, Virginia, and Maryland.

5.  The Defendant, The United States of America, through its federal agency, U.S. Secret Service ("USSS"). The U.S. Secret Service is a federal agency that issues government vehicles to its employees. A USSS vehicle operated by Brandon Allan-Gantz, who was at the time of this occurrence an employee of the USSS, is the subject of this suit. The Defendant, by and through the USSS, is the owner of the vehicle operated by Brandon Allan-Gantz, as well as Brandon Allan-Gantz's employer. USSS is a federal agency based in Springfield, VA.

## FACTS

6.  That on or about November 7, 2023, a vehicle (2005 Toyota Camry) owned and operated by Beckford was lawfully traveling on Exit 2B on Interstate 295 in Washington DC.

7. That a vehicle (2005 Toyota Camry) owned by Defendant USSS and operated by Brandon Allan-Gantz, was travelling behind Beckford's vehicle on Exit 2B on Interstate 295, in a line of four (4) vehicle in traffic, including agent Brandon Allan-Gantz, another USSS vehicle operated by an agent named Michelle Kenney, and another motorist, when Brandon Allan-Gantz negligently rear-ended a second vehicle situated ahead of them, initiating a chain reaction wherein the collision initiated by Brandon Allan-Gantz, struck the rear of another motorist's vehicle whose momentum carried and struck the rear of another vehicle ahead of them, whose momentum carried and struck the rear end of Beckford's vehicle. As a result of the impact, the rear end of Beckford's vehicle was impacted and partially ripped from the frame.

## COUNT ONE
## NEGLIGENCE

8. The accident was due to the negligence of the Defendant in, among other things, failing to keep a proper lookout, failing to maintain proper control of the vehicle, failing to take such other and further evasive action to avoid the collision, and failing to avoid the collision aforesaid when in the exercise of due care and caution, Defendant could have and should have done so.

9. As a direct result of the collision aforesaid and negligence of the Defendant, Plaintiff incurred significant, substantial, and permanent property damage. Plaintiff asserts that all of this loss and damage was the direct result of the negligence of the Defendant, without any contributory negligence by the Plaintiff. Brandon Allan-Gantz and USSS were the responsible party for a four-car collision.

10. That as a direct and proximate result of the collision aforesaid and negligence of the Defendant, Plaintiff Beckford incurred significant, substantial, and permanent property

damage; that the Plaintiffs assert that all of this loss and damage was the direct result of the negligence of the Defendant, with no want of due care on the Plaintiff's part contributing thereto.

11. Defendant, USSS, as the owner of the vehicle driven by Brandon Allan-Gantz, and as Brandon Allan-Gantz's principal, appointed Brandon Allan-Gantz to operate on their behalf in the scope of their employment. At the time that this Defendant was entrusting Brandon Allan-Gantz to operate its vehicle reasonably and with due care, Brandon Allan-Gantz failed to do so and caused an accident that involved State Farm's insured driver, Beckford. As such, USSS, as principal, is vicariously liable for the actions of its agent.

12. That the Plaintiff Beckford had in effect a policy of insurance with Plaintiff State Farm; that State Farm joins herein to protect its subrogated interest in this matter.

**WHEREFORE,** the Plaintiff, State Farm Mutual Automobile Insurance Company a/s/o Natonia Judith Beckford hereby prays this Honorable Court enter judgment against the Defendant, The United States of America the sum of **TWELVE THOUSAND NINE HUNDRED THIRTY-TWO DOLLARS AND 25/100 ($12,932.25),** plus costs of this suit and service.

FRATUS LAW GROUP, LLC

/s/ Charles J. Fratus
Charles J. Fratus
ID# 13169
Fratus Law Group, LLC
566 B&A Blvd
Severna Park, MD 21146
410.295.7100 (phone)
Chuck@Fratuslaw.com
*Attorney for Plaintiff*